UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61695-Civ-COHN
MAGISTRATE JUDGE P.A. WHITE

VICTORIANO SANTIBANEZ,  :

    Petitioner,  :

v.  :     REPORT OF
          MAGISTRATE JUDGE
WALTER McNEIL,  :  ON MOTION FOR VOLUNTARY
                   DISMISSAL
    Respondent.  :

Victoriano Santibanez, a state prisoner confined at Gulf Correctional Institution at Wewahitchka, Florida, instituted this pro se habeas corpus proceeding pursuant to 28 U.S.C. §2254, attacking his conviction and sentence entered in Broward County Circuit Court Case No. 06-22137. The case is before the Court on the petitioner's pleading seeking the dismissal without prejudice of his habeas corpus petition or the staying of this proceeding. See Motion to Dismiss Without Prejudice or Stay. (DE# 20).

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

In brief, the procedural history of this case is as follows. Santibanez was found guilty after jury trial of the offense of sexual battery upon a child, and he was adjudicated guilty of the offense. (Record on Direct Appeal at 160-61, 170)(Respondent's Appendix at Ex. 1). The trial court sentenced Santibanez to a life term of imprisonment. Id. at 165-67, 170. Santibanez prosecuted a direct appeal from his conviction and sentence, raising the

following three claims: (1) the trial court erred by allowing the state to repeatedly bolster the alleged child victim's in-court testimony with prior consistent hearsay statements; (2) the trial court erred by failing to enter a timely and sufficient written order on the admissibility of child hearsay statements; and (3) the prosecutor's repeated improper statements during closing argument constituted fundamental error requiring reversal. (Respondent's Appendix at Ex. 2). In a decision without written opinion issued on October 15, 2008, the Florida Fourth District Court of Appeal *per curiam* affirmed the conviction and sentence. (Respondent's Appendix at Ex. 5). See also Santibanez v. State, 993 So.2d 536 (Fla. 4 DCA 2008)(table). The mandate followed on November 14, 2008. (Respondent's Appendix at Ex. 6). Petitioner returned to the trial court to pursue postconviction relief, filing on June 23, 2009, a motion pursuant to Fla.R.Crim.P. 3.850, alleging that he received ineffective assistance of trial counsel for various enumerated reasons. (Respondent's Appendix at Ex. 7). This motion remains pending before the state trial court. (Respondent's Appendix at Ex. 8).

While the state postconviction proceedings were ongoing, Santibanez came to this Court filing on October 19, 2009,[1] the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, raising the following three grounds for relief: (1) he is actually innocent of the crime for which he was convicted, and prosecutorial and judicial overreaching deprived him of a fair trial; (2) he received ineffective assistance of appellate counsel during his direct appeal, because his lawyer improperly raised

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus and, therefore, deems the petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11 Cir. 2008).

2

issues on appeal that had not been preserved and failed to raise other meritorious issues challenging his conviction and sentence that should have been raised; and (3) he received ineffective assistance of trial counsel for several stated reasons. An order to show cause was issued, requiring the respondent to file a response to the instant petition on or before December 28, 2009. (DE# 5). The respondent filed his response with supporting Appendix on December 31, 2009. (DE# 5, 16-19). The respondent has not addressed the issues on the merits, instead raising various procedural challenges to the claims presented in the petition, such as, lack of exhaustion based upon the ongoing state postconviction proceeding and failure of petitioner to present his ineffective assistance of appellate counsel claims to the state court. (DE# 16). Apparently, in response to the respondent's arguments, Santibanez now seeks a voluntary dismissal or stay of this federal proceeding so that he can fully exhaust his state court remedies on all or some of the claims presented in this federal proceeding. (DE# 20).

Since the respondent has filed a response to the petition, Santibanez cannot voluntarily dismiss his petition without an order of the court. See Fed.R.Civ.P. 41(a)(2)(stating that "[a]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.") Rule 41(a)(2) applies to pro se petitioners in habeas corpus proceedings. See Clark v. Tansey, 13 F.3d 1407, 1413 (10 Cir. 1993); Kramer v. Butler, 845 F.2d 1291, 1294 (5 Cir. 1988); Doster v. Jones, 60 F. Supp.2d 1258, 1259 (M.D.Al. 1999)(citing cases). Therefore, it is within the discretion of the court to permit a voluntary dismissal of a habeas petition once the respondent has filed an answer. Doster v. Jones, 60 F.Supp.2d at 1259.

Dismissal of this federal petition is appropriate under the circumstances of this case. As apparently now recognized by Santibanez, exhaustion of state remedies under most circumstances is a condition precedent to a federal court's ability to grant habeas corpus relief to a state prisoner. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979). In Florida, a claim of ineffective assistance of trial counsel cannot be raised on direct appeal and must be raised pursuant to Rule 3.850. McClain v. State, 629 So.2d 320 (Fla. 1 DCA 1993); Loren v. State, 601 So.2d 271 (Fla. 1 DCA 1992). Further, under Florida law, the proper vehicle for asserting an ineffective assistance of appellate counsel claim is a petition for writ of habeas corpus directed to the appellate court that considered the direct appeal. Smith v. State, 400 So.2d 956, 960 (Fla. 1981).

Review of the computerized docket of the Broward County Circuit Court reveals that Santibanez's Rule 3.850 motion, where he is challenging the representation received from trial counsel, is currently pending before the court with the state having been granted an extension of time until January 22, 2010, to have filed

its response. (Respondent's Appendix at Ex. 8). Further, Santibanez has not filed a state petition for writ of habeas corpus in the Florida Fourth District Court of Appeal, the proper state forum to challenge representation received from appellate counsel on direct appeal. In Florida, such a petition must be filed in the state appellate court within two years of the date the conviction became final. See Fla.R.App.P. 9.141(c)(4)(B) (stating that "[a] petition alleging ineffective assistance of appellate counsel shall not be filed more than 2 years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel."). The judgment and sentence become final in Florida when the appellate court on direct appeal issues its mandate to the trial court. See Shaw v. State, 780 So.2d 188, 190 (Fla. 2 DCA 2001). Accordingly, the judgment and conviction became final on November 14, 2008, giving Santibanez until November 14, 2010, to file a timely state habeas corpus petition.

The instant federal petition was filed in a timely manner pursuant to 28 U.S.C. §2244(d)(1)-(2), as properly conceded by the respondent, therefore, the petitioner should be allowed an opportunity to return to the state forum to properly and fully exhaust any and all claims he wishes to pursue. Since the petitioner has sufficient time to return to this Court within the limitations period after his state court remedies have been fully and properly exhausted on any and all not otherwise barred claims he might want to raise challenging his conviction and sentence, a dismissal rather than a stay of the instant proceeding is the appropriate course of action. See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005)(holding that a federal district court has discretion to stay a mixed habeas petition containing exhausted and

unexhausted claims when an outright dismissal of the petition will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act).

While dismissal is proper, Santibanez is hereby cautioned that he must act with all possible speed and diligence in refiling his federal habeas corpus petition after all appropriate state court proceedings have concluded so that any future federal petition will be timely under the federal statute of limitations.  See 28 U.S.C. §2244(d)(1)-(2).[2]

For the foregoing reasons, it is recommended that the petitioner's motion for voluntary dismissal be granted (DE# 20) and that this petition be dismissed without prejudice except as to any application of the federal statute of limitations or other

---

[2]Section 2244(d)(1) sets forth the general rule that a federal habeas petition must be filed within one year after a petitioner's conviction becomes final. The judgment of conviction in the underlying criminal case became final at the latest on January 13, 2009, ninety days after the conviction and sentence were affirmed on direct appeal. See Jimenez v. Quarterman, ___ U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). The statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2). The statute is not tolled, however, during the pendency of any prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning §2244(d)(2)). See also Nyland v. Moore, 216 F.3d 1264 (11 Cir. 2000)(holding that the filing date of a second §2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits). The limitations period commenced running on January 14, 2009, and continued until June 23, 2009, when Santibanez filed his Rule 3.850 motion. Accordingly, there are 160 days of untolled time thus far. The limitations period is now tolled while the Rule 3.850 proceeding remains pending in the state courts, giving Santibanez 205 days after of the conclusion of the postconviction proceeding to file a timely federal petition. Depending upon whether and when Santibanez pursues state habeas corpus relief, the date for filing a timely federal petition may change.

procedural bar which may apply.[3]

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 28th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Victoriano Santibanez, Pro Se
 DC #L68863
 Gulf Correctional Institution-Annex
 699 Ike Steele Road
 Wewahitchka, FL 32465-0010

 Sue-Ellen Kenny, AAG
 Assistant Attorney General
 Office of the Attorney General
 1515 North Flagler Drive, #900
 West Palm Beach, FL 33401-3428

---

[3]The petitioner is further advised that if he is raising in ground one an independent claim of actual innocence, such a claim is not cognizable in a federal habeas corpus proceeding. The Supreme Court has held that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993). It appears from full review of the petition, however, that the petitioner is alleging a due process violation based upon judicial and/or prosecutorial misconduct.